IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ALICE JENNIFER RODRIGUEZ | § § |
| v. | §  Case No. __5:21-cv-43__ § |
| LAREDO REGIONAL MEDICAL CENTER, L.P. D/B/A DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., DR. PRAKASH HEDGE, DR. PAUL CHRISTOPHER GIASI, DR. SANDRA TARAPASADE, AND DR. ROBERT KIETH LANDRY | § § § § § § § |

**DEFENDANTS' FEDERAL NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 29 U.S.C. § 1001 et seq., Defendants, Universal Health Services, Inc. and Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo, hereby give Notice of Removal of the above action, Cause No. 2021CVK000510D2, *Alice Jennifer Rodriguez v. Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo, Universal Health Services, Inc., Dr. Prakash Hedge, Dr. Paul Christopher Giasi, Dr. Sandra Tarapasade, and Dr. Robert Kieth Landry*, from the 111th Judicial District Court of Webb County, Texas, to the United States District Court for the Southern District of Texas, Laredo Division.  As grounds for removal, Defendants state as follows:

**I.
INTRODUCTION AND FACTUAL BACKGROUND**

1. Universal Health Services, Inc. and Laredo Regional Medical Center, L.P., d/b/a Doctors Hospital of Laredo (collectively "Defendants") are Defendants in a civil action pending

in the 111th Judicial District Court in Webb County, Texas. Attached hereto as Exhibit 1 is an index of all documents that clearly identifies each document and indicates the documents filed in state court, as required by 28 U.S.C. § 1446(a).

2. Included with the index is a copy of the civil docket sheet in the State Court Action and each document filed in the State Court Action. Pursuant to Local Rule 81, Defendants file the following documents concurrently with its Notice of Removal: the Index of Matters Being Filed (Exhibit 1); a copy of the Webb County District Clerk's file for this case (Exhibit 2), which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet; Designation of Counsel (Exhibit 3); Notice of Removal to the State District Court (Exhibit 4); Civil Cover Sheet (Exhibit 5); and Defendants' Consent to Removal (Exhibit 6).

3. Defendants were served with Plaintiff's Original Petition on March 24, 2021, wherein Plaintiff alleges that Defendants violated the Emergency Medical Treatment and Active Labor Act (EMTALA). (Exhibit 2). The removal of this action to this Court is timely filed under 28 U.S.C. §1446(b)(3) because this Notice of Removal is filed within thirty (30) days after March 24, 2021.

4. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Laredo Division of the Southern District of Texas is the United States District and Division embracing Webb County, Texas, the county in which the state court action is pending. *See* 28 U.S.C. § 124(a)(1).

Therefore, venue of this removed action is proper in this Court.

5.     Removal of this action is proper because of the existence of federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the Emergency Medical Treatment & Labor Act, 42 USCS § 1395dd ("EMTALA") which is also commonly known as the "Anti-Dumping Law." To the extent the Petition alleges statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. §1367 because those claims arise out of the same operative facts as Plaintiff's claims under EMTALA codified in 42 U.S.C. § 1395dd, and "form part of the same case or controversy under Article 3 of the United States Constitution." 28 U.S.C. §1367(a).

### III.
### THIS COURT HAS FEDERAL QUESTION JURISDICTION

6.     Removal jurisdiction exists under 28 U.S.C. §§ 1441 and 1331 for federal question arising under EMTALA. Federal courts have jurisdiction under section 1331 in "only those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 97-98, 81 L. Ed. 70 (1936); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983).

7.     In this case, the crux of Plaintiff's claim is that the hospital failed to provide an appropriate medical screening exam in the emergency room and failed to stabilize the patient.

(Exhibit 2: Plaintiff's Original Petition ¶ 47.) EMTALA obligates a hospital to screen and stabilize patients arriving in the emergency room suffering from an emergency medical condition and, if the hospital has actual knowledge of the emergency condition, it must then provide examination, treatment, and stabilization of the patient. *Guzman v. Mem'l Hermann Hosp. Sys.,* 409 Fed. App' x. 769, 773 (5th Cir. 2011). However, Texas does not impose a general duty to treat patients in the emergency room. *Hand v. Tavera*, 864 S.W.2d 678, 42 Soc. Sec. Rep. Service 783, 1993 Tex. App. LEXIS 3201 (Tex. App. San Antonio Sept. 22, 1993, no writ). Thus, Plaintiff's claim is deemed to be a federal question arising under the laws of the United States to which original and removal jurisdiction in this Court is proper because EMTALA creates a federal cause of action and Plaintiff's claim depends upon resolution of a substantial question of federal law.

8.  Plaintiff alleges that Defendants were negligent in providing emergency room care. Specifically,

> 47.  Defendants owed Plaintiff the duty to treat her with the care and skill that is reasonably expected of an ordinary prudent physician or health care provider. <u>While being treated in the emergency room</u> and while admitted as a patient, the Defendants deviated from this standard of care with negligence as well as willful, and wanton negligence. Defendants breached the duty of care to Plaintiff by:
>
>   .........
>
>   <u>Failing to have an emergency room physician involved in her care, diagnosis and disposition when presenting with severely abnormal vital signs, and no definitive test result</u>;
>
>   .............

> 48. <u>Doctors Hospital is liable to Plaintiff for the breach of the duty and standard of care by Drs. Giasi, Hegde, Tarapasade and Landry, because their acts were performed as employees, agents, ostensible agents, agents by estoppel, servants, borrowed servants and/or vice principals,</u> ........
>
> [Exhibit2: Plaintiff's Original Petition]

9. Texas does not impose a general duty to treat patients in the emergency room; it simply forbids hospitals and their agents from denying admission for the reasons listed in Tex. Health & Safety Code Ann. § 311.022. *Hand v. Tavera*, 864 S.W.2d 678, 42 Soc. Sec. Rep. Service 783, 1993 Tex. App. LEXIS 3201 (Tex. App. San Antonio Sept. 22, 1993, no writ). Further, Texas does not impose a duty on hospitals for the malpractice of emergency room physicians nor does it recognize a cause of action for apparent agency in the emergency room context. *Sampson v. Baptist Mem'l Hosp. Sys.*, 940 S.W.2d 128, 137-38 (Tex. App.—San Antonio 1996), rev'd on other grounds, 969 S.W.2d 945 (Tex. 1998). As such, EMTALA is not analogous to a state medical malpractice claim.

10. Removal is appropriate in this instance because the Plaintiff: (1) must show that the patient requested treatment from the hospital, requiring the hospital to provide an appropriate "medical screening examination" to determine whether or not an "emergency medical condition" existed that was required to be "stabilized" within the meaning of the statute 42 U.S.C. § 1395dd(a); and (2) the cause of action under EMTALA is not analogous to a state medical malpractice claim because EMTALA creates liability for refusal to treat patients regardless of the reasonableness or unreasonableness of the hospital's actions which state malpractice law does not.

11. Accordingly, the facts as pleaded in Plaintiff's Original Petition seek relief for alleged violations of EMTALA. Thus, Plaintiff's claims are deemed to be federal questions arising under the laws of the United States to which original and removal jurisdiction in this Court is proper.

## IV.
## NOTICE OF REMOVAL TO THE 111th JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

12. Concurrently with this Notice of Removal, pursuant to 20 U.S.C. §1446(a) Defendants will file a copy of this Notice with the 111th Judicial District Court of Webb County, Texas. A copy of the written notice of their Notice of Removal to Federal Court is attached hereto as Exhibit 4.

13. In accordance with 28 U.S.C. §1446(d), Defendants will give written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff.

14. If any question arises as to the propriety of removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.[1]

Respectfully submitted on April 16, 2021.

GONZALEZ CASTILLO MOYA, LLP

   /s/Eduardo Moya
Steven M. Gonzalez
SBN: 08131900
FBN: 3321
Edward J. Castillo
SBN: 24040658
FBN: 38007

---

[1] *Sierminski v. Trans South Fin. Court.*, 216F, 3.d. 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in asserting removal jurisdiction may be considered by the Court).

        Ezequiel "Zeke" Moya, Jr.
        SBN: 24092865
        FBN: 2649227
        Eduardo Moya
        SBN: 24105674
        FBN: 3364208

        GONZALEZ CASTILLO MOYA, LLP
        1317 E. Quebec Ave.
        McAllen, Texas 78503
        Email: law@valleyfirm.com
        Tel: (956) 618-0115
        COUNSEL FOR DEFENDANTS,
        *LAREDO REGIONAL MEDICAL CENTER, L.P.*
        *d/b/a DOCTORS HOSPITAL OF LAREDO and*
        *UNIVERSAL HEALTH SERVICES, INC.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via CM/ECF electronic filing service (ONLY) on the 16th day of April, 2021.

    Albert M. Gutierrez / Elizabeth C. Boddy / Kelly Canales Feicht
    PERSON MOHRER MORALES BODDY GARCIA GUTIERREZ, PLLC
    8610 Broadway, Suite 440
    San Antonio, Texas 78217
    EMAIL: amg@pmbglaw.com / eboddy@pmbglaw.com / kfeicht@pmbglaw.com
    **ATTORNEYS FOR PLAINTIFF**

    Frank A. Doyle
    MYERS DOYLE
    7676 Woodway, Suite 350
    Houston, Texas  77063
    Email: fdoyle@myersdoyle.com
    **ATTORNEYS FOR DR. PAUL CHISTOPHER GIASI AND DR. ROBERT KIETH LANDRY**

Russell W. Schell
SCHELL COOLEY RYAN CAMPBELL LLP
5057 Keller Springs RD., Suite 425
Addison, TX 75001
Email: Rschell@schellcooley.com / Mobach@schellcooley.com
**ATTORNEYS FOR DR. PRAKASH HEGDE AND DR. SANDRA TARAPASADE**

   /s/Eduardo Moya
Eduardo Moya