## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **ALICE JENNIFER RODRIGUEZ,**<br>　*Plaintiff,*<br><br>**v.**<br><br>**LAREDO REGIONAL MEDICAL CENTER, L.P. D/B/A DOCTORS HOSPITAL OF LAREDO, UNIVERSAL HEALTH SERVICES, INC., DR. PRAKASH HEGDE, DR. PAUL CHRISTOPHER GIASI, DR. SANDRA TARAPASADE, AND DR. ROBERT KIETH LANDRY,**<br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 5:21-cv-00043** |

### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Alice Jennifer Rodriguez files this Motion to Remand and respectfully shows the Court as follows:

### I.  STATEMENT OF FACTS

1.     Plaintiff Alice Jennifer Rodriguez sued Laredo Regional Medical Center, L.P. d/b/a Doctors Hospital of Laredo ("Doctors Hospital"), Universal Health Services, Inc. ("UHS"), Dr. Prakash Hegde, Dr. Paul Christopher Giasi, Dr. Sandra Tarapasade, and Dr. Robert Kieth Landry (collectively, "Defendants") for medical negligence and negligent supervision.  Her stated cause of action against Defendants is a health care

liability claim, a defined term under the Texas Medical Liability Act ("TMLA"). TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). **Ex. 1, para. H.46.**

2.      Defendants' Notice of Removal was filed on April 16, 2021.

3.      Defendants' Notice of Removal is based on federal question jurisdiction over claims arising under the Emergency Medical Treatment and Active Labor Act ("EMTALA"). EMTALA is an anti-dumping law, which prevents hospitals with emergency rooms from refusing treatment to people with emergency medical conditions based on their inability to pay. 42 U.S.C. § 1395dd.

4.      Plaintiff's TMLA claims stem from the treatment she received at Doctors Hospital. Plaintiff has not pleaded that she was denied treatment, which would be actionable under EMTALA. Plaintiff's claims as pleaded arise exclusively under state law and this case is not removable to federal court.

## II.   ARGUMENT AND AUTHORITY

### A. Standard for Removal and Remand

5.      The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Federal courts strictly construe the removal statute and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

6.      The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998). Under the well-pleaded complaint rule, a case is not removable if the complaint only asserts a cause of action arising under state law. *Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996). If the case is not removable on the face of the petition, it cannot be made removable by the removing party's reference to federal law in subsequent pleadings. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 2781 (1918)).

### B. Plaintiff's Complaint Does Not Establish a Federal Question nor Require Resolution of a Substantial Question of Federal Law

7.     Plaintiff asserted a health care liability claim under the TMLA.[1] **Ex. 1, para. H.46**. Her petition alleges that Defendants (i) are physicians and health care providers, (ii) who owed her a duty of care reasonably expected of an ordinary prudent physician or health care provider, (iii) who did not meet the required standard of care, and (iv) whose breach of duty proximately caused her injuries. **Ex. 1, paras. H.39–49, I.50.**

8.     EMTALA does not establish a "federal medical malpractice cause of action." *Guzman v. Memorial Hermann Hosp. Sys.*, 637 F. Supp. 2d 464, 479 (S.D. Tex. 2009) (citing *Marshall v. East Carroll Parish Hosp.*, 134 F.3d 319, 322 (5th Cir. 1998)). EMTALA

---

[1] Under the TMLA, a "health care liability claim" is a "cause of action against a health care provider or physician for . . . [a] claimed departure from accepted standards of medical care, or health care . . . directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract." TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13).

provides a cause of action for individuals who "request . . . examination or treatment for a medical condition," but are refused an appropriate medical screening on the basis of their inability to pay.  42 U.S.C. § 1395dd(a); *Marshall*, 134 F.3d at 322.  It was not intended to "duplicate preexisting legal protections" under state law for medical malpractice. *Guzman*, 637 F. Supp. 2d at 479 (quoting *Gatewood v. Washington Healthcare Corp.*, 933 F.2d 1037, 1041 (D.C. Cir. 1991)).  A hospital cannot be found liable under EMTALA if it provides an appropriate medical screening, even if the examination results in a misdiagnosis that would establish liability for medical malpractice under state law. *Marshall*, 134 F.3d at 322–323.  The TMLA is the vehicle by which claimants[2] assert claims for medical malpractice in Texas.

9.      Plaintiff did not plead under EMTALA.  The crux of Plaintiff's claim as pleaded is negligent treatment, not a refusal to provide a medical screening or a refusal to treat.

10.     Plaintiff alleges Defendants were negligent by:

    a.  Failing to accurately diagnose and treat the cause of her symptoms;
    b.  Failing to direct her to immediately discontinue Lamictal;
    c.  Failing to have an emergency room physician involved in her care, diagnosis and disposition when presenting with severely abnormal vital signs, and no definitive test result;
    d.  Failing to respond to a system alert concerning abnormal vital signs;
    e.  Failing to transfer her to a burn center to her December 17 visit with worsening symptoms;
    f.  Failing to provide adequate care and fluid resuscitation while in the hospital;
    g.  Failing to transfer her to a burn center after worsening symptoms while admitted to the hospital.  **Ex. 1, para. H.47.**

---

[2] Under the TMLA, a "claimant" means a person "seeking or who has sought recovery of damages in a health care liability claim." Tex. Civ. Prac. & Rem. Code § 74.001(a)(2).

11.     Although the Defendants may be suggesting that they refused to treat Plaintiff for the specific injuries alleged in the petition, such an admission does not trigger EMTALA or a federal question into the suit.  Plaintiff has not pleaded a cause of action under EMTALA.  Therefore, there is no federal question involved in this case.

## III.  PRAYER

12.     This Court lacks federal question jurisdiction because Plaintiff's claims in this suit arise exclusively under Texas law.

13.     Jurisdiction is proper in the District Court of Webb County, Texas.

14.     Plaintiff respectfully requests this Court remand this cause of action to the District Court of Webb County, Texas for further proceedings, and that she be granted any further relief, both general and special, at law or in equity, to which she may be justly entitled to receive.

Respectfully submitted,

**PERSON, MOHRER, MORALES, BODDY, GARCIA & GUTIERREZ, P.L.L.C.**

By:_____
    Albert M. Gutierrez
    State Bar No. 00790806
    Federal Bar No. 18073
    amg@pmbglaw.com
    Elizabeth C. Boddy
    State Bar No. 24027347
    Federal Bar No. 433148
    eboddy@pmbglaw.com
    Kelly Canales Feicht
    State Bar No. 24073995
    Federal Bar No. 1143393
    kfeicht@pmbglaw.com
    8610 Broadway, Suite 440
    San Antonio, Texas  78217
    Telephone No.: (210) 824-4411
    Facsimile No.: (210) 225-2266
    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record via CM/ECF electronic filing service on the 12th day of May, 2021.

By: _____

Albert M. Gutierrez

Steven M. Gonzalez
Edward J. Castillo
Ezequiel "Zeke" Moya, Jr.
Eduardo Moya
GONZALEZ CASTILLO MOYA, LLP
1317 E. Quebec Ave.
McAllen, Texas 78503
Email: law@valleyfirm.com
Counsel for Laredo Regional Medical Center, L.P.
d/b/a Doctors Hospital of Laredo
and Universal Health Services, Inc.

Russell W. Schell
SCHELL COOLEY RYAN CAMPBELL, LLP
5057 Keller Springs RD., Suite 425
Addison, TX 75001
Email: Rschell@schellcooley.com / Mobach@schellcooley.com
Attorneys for Dr. Prakash Hegde
and Dr. Sandra Tarapasade

Frank A. Doyle
MYERS DOYLE
7676 Woodway, Suite 350
Houston, Texas 77063
Email: fdoyle@myersdoyle.com
Attorneys for Dr. Paul Christopher Giasi
and Dr. Robert Kieth Landry